B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WILLIAM PASTORE AND LINDA PASTORE | **DEFENDANTS**<br>LARRY ROY STAUFFER |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>STEVEN THORNTON<br>WESTERBURG & THORNTON<br>6060 N. CENTRAL EXPY, S. 690   214.528.6040<br>DALLAS, TX 75206 | **ATTORNEYS** (If Known)<br>JEFF PROSTOK<br>777 MAIN ST., S. 1290<br>FT. WORTH, TX 76102 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
PLAINTIFFS OBJECT TO DEFENDANT'S ATTEMPT TO DISCHARGE OBLIGATION IN DEFENDANT'S BANKRUPTCY. PLAINTIFFS RELY ON 11 USCS §523(a)(2),(4),(6) AS THE BASIS FOR THEIR OBJECTION.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED JUN -4 2014 TAWANA C. MARSHALL, CLERK U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF TEXAS

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
DETERMINATION THAT DEBT OWED BY DEFENDANT TO PLAINTIFFS IS EXCEPTED FROM DISCHARGE

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>LARRY ROY STAUFFER | | BANKRUPTCY CASE NO.<br>14-41568-dmL-7 ||||
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN DISTRICT OF TEXAS | | DIVISION OFFICE<br>FORT WORTH || NAME OF JUDGE<br>D. MICHAEL LYNN |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF | DEFENDANT ||| ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE<br>6/4/2014 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>STEVEN THORNTON |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LARRY ROY STAUFFER, | § | CASE NO. 14-41568-dml-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM PASTORE and | § | |
| LINDA PASTORE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | ADVERSARY PROCEDING |
| vs. | § | No. 14-_____ |
| | § | |
| LARRY ROY STAUFFER, | § | |
| | § | |
| Defendant. | § | |

*Adversary Petition to Except Debt from Discharge*

COMES NOW William Pastore and Linda Pastore (hereinafter referred to as "Pastores"), complaining of Larry Roy Stauffer (hereinafter referred to as the "Defendant") and for cause of action respectfully states:

*Parties*

1. The Plaintiffs, William Pastore and Linda Pastore, are individuals residing in the State of Texas.

2. The Defendant, Larry Roy Stauffer, is an individual who may be served with process by delivery of citation to him at 4524 Edmondson Ave., Dallas, Texas 75205.

## *Factual Background*

### *The Pastores Connection to the Defendant*

3. In early 2009, the Defendant solicited the Pastores to invest in several real estate projects in and around the Atlanta, Georgia area. As part of the solicitation, the Defendant made specific and numerous representations about the types of properties in which he wanted the Pastores to invest, provided specific cost and revenue projections for each property and made numerous representations concerning his business acumen and his contacts which he claimed would assure success of the business ventures, protection of the Pastores' investment and a significant return on that investment. These representations were false.

4. Relying on the Defendant's representations and unaware of that such representations were false, the Pastores invested almost $700,000 with the Defendant.

5. The Pastores filed suit in the 14th Judicial District Court in Dallas County, Texas claiming fraud, violations of the Texas Theft Liability Act and several other causes of action against Defendant. Prior to trial, the parties settled this lawsuit.

6. The settlement agreement included a payout plan which was secured by an Agreed Judgment. The 14th Judicial District Court signed this judgment on or about April 5, 2012.

7. In this Agreed Judgment, the Defendant agreed and stipulated to the Pastores' claims as set forth in Plaintiff's First Amended Petition.

8. The Defendant failed to uphold his obligations under the settlement agreement. Pursuant to the terms of the agreement, the Pastores then began collection efforts on the Agreed Judgment. In an attempt to resolve the situation, the Defendant and the Pastores reached two subsequent settlement agreements. The Defendant failed to meet his obligations under both of those agreements.

9. During the time that the settlement agreements were in effect, the Defendant made two separate payments to the Pastores of $10,000 and $139,000. These payments were either by way of a check directly deposited into the Pastores' attorney's IOLTA account. Both of these checks were returned by the Defendant's

bank for having insufficient funds in the account.

10. Further, during the collection efforts, the Pastores noticed the Defendant's deposition. After the Defendant failed to attend the first properly noticed deposition, the Pastores sought, and received, an order from the 14th Judicial District Court compelling the Defendant to appear at the Pastores' attorney's office on March 18, 2014 at 1:30 p.m. for the purpose of giving deposition testimony. Although the Defendant appeared at the Pastores' attorney's office at the required time and place, he left before the deposition could commence.

11. The Pastores were in the process of filing a motion to hold the Defendant in contempt when the Defendant filed this proceeding.

### *The Defendant's Conduct Precludes Discharge of the Debt to the Pastores*

12. As set forth in paragraphs 3 – 11, the Defendant made false representations and committed acts of fraud against the Pastores. Pursuant to 11 U.S.C.S. § 523(a)(2), (4) and (6), Defendant's debt to the Pastores is not dischargeable through his bankruptcy proceeding.

13. The Agreed Judgment signed by the Defendant was for $700,000. The judgment carried pre-judgment interest at a rate of 5% per year from November 10, 2010 until April 5, 2012. That total is $49,095.68. The judgment also carries post-judgment interest at a rate of 5% per year from April 6, 2012 until paid.

14. To date, Defendant has paid $66,500 on that Agreed Judgment.

### *Requested Relief*

15. Pursuant to 11 U.S.C.S. § 523 (c)(1), the Pastores request that this Court, after notice and hearing, determine that the debt owed by the Defendant to the Pastores is excepted from discharge under paragraph (2), (4) and/or (6) of subsection (a) of this statute. Following such a determination, the Pastores request that the automatic stay be lifted and that they be allowed to continue their collection efforts related to the debt owed to them by the Defendant.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, William Pastore and Linda Pastore, pray that:

(1)     The Defendant be cited to appear and answer herein;

(2)     that upon hearing, this Court determine that the debt owed by the Defendant to the Pastores is excepted from discharge under paragraph (2), (4) and/or (6) of subsection (a) of 11 U.S.C.S. § 523;

(4)     the Pastores be granted judgment against the Defendant for all costs of court and for reasonable attorney's fees; and

(5)     the Pastores be granted such other and further relief, special or general, legal or equitable, to which the Pastores may show themselves justly entitled.

Respectfully submitted,

*WESTERBURG & THORNTON, P.C.*
6060 N. Central Expressway, Suite 690
Dallas, Texas 75206
Phone No.:  214.528.6040
Facsimile:  214.528.6170
steve@mwtlaw.com

By: _____
Steven Thornton
State Bar No. 00789678

**ATTORNEY FOR PLAINTIFFS**

## Certificate of Service

I, the undersigned, hereby certify that I have served a true and correct copy of this pleading pursuant to the Federal Rules of Civil Procedure on the attorney for the Defendant, Jeff Prostok, and on the Bankruptcy Trustee, Marilyn Garner on June 4, 2014.

Steven Thornton